**Phyllis T. HARRISON**

v.

**Robert CLOUGH, dba Plymouth Hotel, Plymouth, Indiana.**

Civ. No. 1408.

United States District Court
N. D. Indiana, South Bend Division.

Feb. 7, 1956.

Feeney & Stratigos, South Bend, Ind., Tom R. Huff, Plymouth, Ind., for plaintiff.

Joseph J. Hemphling, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for personal injuries sustained by the plaintiff in a fall in the hotel of the defendant in Plymouth, Indiana, on August 17, 1950. Trial was to the court and it is a decision on the merits which now demands the attention of this court.

As to whether the plaintiff was a patron of the defendant at the time she fell and the defendant owed to her the duty to use ordinary care to maintain his hotel in a reasonably safe condition is unnecessary of decision of this court because the plaintiff has failed to prove by a preponderance of the evidence that there was any breach of that duty by the defendant. In fact the preponderance of the evidence is to the contrary. There is no evidence from which this court could even infer that the manner in which the place where the plaintiff fell was negligently maintained by the defendant and a disinterested eyewitness testified that the light at the top of the steps was burning and one could see to pick up a pin at the bottom of the steps: that it was as light as in the courtroom at the time he was on the witness stand and the court knows that was more than adequate light.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

Findings of Fact

1.

On August 17, 1950, the plaintiff and a lady companion were traveling by motor from Iowa to Pennsylvania and about 1:30 A. M. parked their car near the front of defendant's hotel in Plymouth, Indiana, and the plaintiff left the car and went into the hotel to secure accommodations for the night.

2.

The plaintiff ascended the steps to the front porch of the hotel, went through the door into the vestibule, on the floor of which was a rubber foot mat 14 by 22 inches in size, ascended the four steps to the lobby and went to the hotel desk where the night clerk was on duty.

3.

The front porch, vestibule and lobby were well lighted with electricity and were constructed and maintained as an ordinarily careful and prudent person would have constructed, maintained and lighted them.

4.

The night clerk informed the plaintiff that there were no rooms left but that

**442**

he would call the Lehman Hotel in Breman, Indiana and attempt to secure accommodations there, which he did, and after the plaintiff re-imbursed the night clerk for the telephone toll charge, she left the lobby to return to the parked car using the same route as she used upon entering.

5.

After she descended the steps from the lobby to the vestibule the plaintiff fell on the floor of the vestibule fracturing a bone in her right ankle.

6.

The fall of the plaintiff was not the result of any negligence on the part of the defendant and the defendant .was guilty of no act of negligence which was the proximate cause of plaintiff's fall and resultant injuries.

7.

The plaintiff should take nothing by reason of her complaint herein.

Upon the foregoing findings of fact, the court does now state its

Conclusions of Law

1.

This court has jurisdiction of the parties to and the subject matter of this action.

2.

The fall of the plaintiff in the hotel of the defendant on August 17, 1950, was not the result of any negligence of the defendant.

3.

The defendant was guilty of no act of negligence which was the proximate cause of the plaintiff's injuries sustained in her fall in the hotel of the defendant on August 17, 1950.

4.

The defendant is entitled to a judgment that the plaintiff take nothing by reason of her complaint herein.

The clerk is ordered to enter judgment for the defendant that the plaintiff take nothing by reason of her complaint herein at the costs of the plaintiff.